# JacksonLewis

**Jackson Lewis P.C.**
666 Third Avenue
29th Floor
New York, NY  10017
Tel 212-545-4000
Fax 212-972-3213
jacksonlewis.com

DIRECT DIAL: (212) 545-4041
EMAIL ADDRESS:  Ravindra.Shaw@jacksonlewis.com

March 16, 2022

**VIA ECF**
Hon. Judge Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square, Room 430
New York, NY 10007

          Re:  **Krystal Santiago, et al. v.**
                **Information Resources, Inc., et al**
                **Case No. 20-cv-07688**

Dear Judge Netburn:

      We represent Defendants Information Resources, Inc. ("IRI" or the "Company") and Jeff Neuman in the above-referenced matter.  We write pursuant to Your Honor's Order dated March 4, 2022 requesting the Court grant Defendant IRI's motion to amend their responsive pleadings to assert counterclaims for (1) breach of contract – confidentiality agreement; (2) libel per se; and (3) tortious interference with prospective economic advantage against Plaintiff Krystal Santiago.  A copy of the proposed Counterclaims is attached hereto.

                Respectfully submitted,

                JACKSON LEWIS P.C.


                */s/ Ravindra K. Shaw*
                Ravindra K. Shaw

cc:    (All counsel via ECF)
        Plaintiff Krystal Santiago, *pro se* (via e-mail)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KRYSTAL SANTIAGO and SCARLETT OSORIO, individually and on behalf of similarly situated female employees,

                    Plaintiffs,

-against-

INFORMATION RESOURCES INC. and JEFF NEUMAN,

                    Defendants.

Case No. 20-CV-07688

**DEFENDANT INFORMATION RESOURCES INC.'S PROPOSED COUNTERCLAIMS AGAINST PLAINTIFF KRYSTAL SANTIAGO**

Defendant Information Resources Inc. ("IRI" or "Counter-Plaintiff") by and through its undersigned attorneys, Jackson Lewis P.C., bring these counterclaims to redress Krystal Santiago's ("Santiago" or "Counter-Defendant") breach of her confidentiality agreement, as well as her defamatory and tortious statements regarding IRI to its clients.

**PARTIES**

1. IRI is a market research and shopper intelligence firm, providing sales data for consumer-packaged goods gathered from checkout scanners at more than 95,000 retail locations in the U.S. and Europe.

2. IRI is a foreign business corporation incorporated in Delaware.

3. IRI's principal place of business is located at 203 North LaSalle Street, Suite 1500, Chicago, IL 60601.

4. IRI maintained an office space located at 1250 Broadway, 36th Floor, New York, NY 10001.

5. Santiago is a resident of the State of New York and resides in Queens County.

## JURISDICTION AND VENUE

6. This Court has supplemental jurisdiction over the Counter-Claims relating to Plaintiffs' claims under 28 U.S.C. § `367(a).

7. Under 28 U.S.C.§ 1391, venue is proper in this Court because Defendants conduct substantial business in this district and a substantial part of the events giving rise to the Counter-Claims occurred in this district.

## FACTS RELEVANT TO COUNTERCLAIMS

8. Santiago was hired by IRI in the Client Insights division as Progression I Client Insights Consultants in the Beer, Wine, Spirits and Tobacco department for the Anheuser Busch / Inbev ("ABI") Team in March 2018.

9. On February 27, 2018, as a condition of her employment with IRI, Santiago signed a Confidentiality Agreement.

10. Under the Confidentiality Agreement, Santiago acknowledged the value and confidentiality of various aspects of Counterclaimants' business. She further acknowledged having access to confidential information and trade secrets belonging to IRI, including, but not limited to, computer programs and systems, panel household identifications, panel matching routines, converter specifications, test designs, analytical models, client lists, employee confidential information (i.e. salary, medical and performance reviews), marketing and/or business plans and financial data (referred to herein as "Proprietary Information").

11. Under the Confidentiality Agreement, Santiago agreed that she would keep such Proprietary Information strictly confidential and would not disclose it to any third party or to

any employee not authorized to possess such information, nor use for any purpose whatsoever other than in conducting business for IRI, such Proprietary Information.

12. Under the Confidentiality Agreement, Santiago agreed that she would not "remove, copy, duplicate, or otherwise reproduce" any Proprietary Information, and further would not "publish, release, disclose or deliver or otherwise make available to any third party or to any employee not authorized to possess such information" any Proprietary Information.

13. The Confidentiality Agreement specifically stated that it would survive Santiago's employment with IRI.

14. Santiago's employment was terminated on or about March 4, 2020.

15. Thereafter, Santiago has disseminated targeted communications, Internet postings, and Tweets containing outrageous, malicious, profane, tortious, defamatory, and false statements about IRI Defendants and their counsel.

16. On or about Tuesday, January 11, 2022, Santiago disseminated a public LinkedIn post in which she: falsely asserts that former IRI CEO Andrew Appel threatened her to stop her lawsuit in October 2021; and falsely accuses him of threatening women to avoid paying them large settlements.

17. On or about Tuesday, January 11, 2022, Santiago also disseminated public LinkedIn comments on IRI LinkedIn posts in which she falsely accuses IRI President of Client Engagement Davey Krishnakumar of sexual misconduct and sexual abuse and that IRI protected him just like it is protecting former IRI CEO Andrew Appeal.

18. On Tuesday, January 18, 2022, at 8:35 p.m., Santiago sent IRI counsel an e-mail entitled "IRI IS GOING DOWN," in which she: states she has notified IRI's top clients

about the company's white collar crimes, and threatens that IRI CEO Andrew Appel is one step away from prison.

19. On Tuesday, January 18, 2022, and Wednesday, January 19, 2022, Santiago, using her Twitter handle @takingdowniri, posted various tweets in which: (1) she falsely claimed she was "being sued by a billion dollar company"; (2) falsely asserted that IRI is "threatening women of color who file discrimination lawsuits against them" and "[m]y life and my dog's life were threatened by the ex CEO of the company"; (3) falsely asserts that former IRI CEO Andrew Appel and current Board Member threatened to kill her and her dog if she did not stop her lawsuit; and (4) falsely asserts that "they restricted my LinkedIn account."

20. On Wednesday, January 19, 2022, at 11:30 a.m., Ms. Santiago sent an e-mail entitled "Andrew Appel Threatened Me & My Dog in Oct. 2021," to sixteen (16) representatives of IRI's client ABI and its subsidiary, ZX Ventures. She falsely states that IRI is as corrupt as former IRI CEO Andrew Appel, falsely accuses Mr. Appel of having committed various crimes including illegal bribing and illegal trading, and maliciously encourages ABI and ZX Ventures to stop doing business with IRI.

21. On Wednesday, January 26, 2022, at 3:42 p.m., Santiago sent another e-mail entitled "JUSTICE XVII- IRI CLIENTS TWEETED" stating that IRI clients are already unhappy and will not be happy with another reminder of IRI's alleged misconduct and illegal activity.

22. On Wednesday, January 26, 2022 at 4:30 p.m. Santiago sent an email entitled "IRI IS FULL OF SHIT", to sixteen (16) representatives of IRI's client ABI and its subsidiary, ZX Ventures, demanding that they stop doing business with IRI Senior Vice President Brad Golden and Defendant Jeff Neuman and falsely accusing them of psychologically abusing

Plaintiff Scarlett Osorio.  Santiago falsely alleges that IRI's senior leadership team is in a lot of trouble with the "feds" and threatens that her case is just the beginning.

23. On or about Wednesday, January 26, 2022, in a Tweet entitled "PEEP THE CORRUPTION" Santiago disseminated a public Twitter post in which she attached a screenshot of January 25th 2:17 p.m. email to IRI counsel.  In the Tweet, Santiago tags IRI's major clients and alleges that we are trying to avoid written communication.

24. On Thursday, January 27, at 2:29 p.m., Santiago sent an e-mail entitled "EVIDENCE II ANHEUSER BUSCH" addressed to her former attorneys and IRI counsel, stating that she shared more evidence with IRI's client ABI.

25. On or about February 16, 2022, Santiago tweeted a screenshot of investigation results regarding Plaintiff Osorio, and stated that "*IRI is in a lot of trouble with CIA and federal authorities. Not only are they bribing clerk courts, they're also lying to employees about their rights as discriminated plaintiffs. Someone please spread my story. Thank you.*" (Italics added.)

26. On or about February 17, 2022, Santiago tweeted a screenshot of an email between Plaintiff Osorio and IRI's Human Resources, and stated, "*See below. This sums up what HR told Scarlett Osorio in phone conversations from 2020. In short, IRI was forcing Scarlett to accept a poor performance rating so that Brad Golden and Jeff Neuman could illegally fire her months later.*" (Italics added.)  In the tweet, Santiago tags IRI's major clients.

27. On or about February 20, 2022, Santiago tweeted a screenshot of the IRI employee handbook, and stated, "*IRI's employee handbook says business records must be properly maintained and must not be misstated in order to cover up an illegal payment. Brad Golden &*

*Andrew Appel deliberately misstated revenue numbers to cover up fraud. STOP DOING BUSINESS WITH INFORMATION RESOURCES INC.*" (Italics added.)

28. On Sunday, March 6, 2022, at 4:41 p.m., Santiago sent an e-mail to IRI defense counsel in which she writes that she contacted Great Place to Work, an IRI client, and warned them to quit the dirty business with IRI. Santiago further states that if IRI does not request a settlement date from the Court, she will continue speaking with IRI's clients. Santiago writes "***This is a threat. I intend to harm IRI's business sales because the company doesn't deserve to profit off of their employees' misery.***" (Emphasis added).

29. On Sunday, March 6, 2022, at 4:41 p.m., Santiago sent an e-mail to IRI defense counsel in which she writes that she told a contact at Nielson, an IRI competitor, about the "dirty business" IRI is engaged in regarding small manufacturers.

30. On March 4, 2022, Santiago publicly tweeted a screenshot of an email dated June 5, 2020 between Plaintiff Scarlett Osorio and former IRI Human Resources Manager Mallory Smith regarding her performance rating and scorecard. This email was sent *after* Santiago was terminated and had access to IRI email systems.

31. On March 5, 2022, Santiago publicly tweeted a screenshot of an email dated August 5, 2020 between Plaintiff Osorio, Human Resources Director Moira Saldeen and former IRI Human Resources Manager Mallory Smith regarding a confidential investigation into Osorio's internal complaint. This email was sent *after* Santiago was terminated and had access to IRI email systems.

32. On March 7, 2022, Santiago publicly tweeted a screenshot of an email dated June 30, 2020 from Jana Stephans, an IRI Consultant, to a group of other IRI Consultants

(including Plaintiff Osorio), regarding listening sessions. This email was sent *after* Santiago was terminated and had access to IRI email systems.

33. On March 9, 2022, Santiago publicly tweeted a screenshot of an email dated June 26, 2020 from the Office of IRI's CEO to all employees regarding the merit award process. This email was sent *after* Santiago was terminated and had access to IRI email systems.

**AS AND FOR A FIRST COUNTERCLAIM**
(Breach of Contract – Confidentiality Agreement)

34. IRI re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 33 above, as though fully set forth herein.

35. When she was hired by IRI, Santiago signed a Confidentiality Agreement and agreed not to disclose or use in any manner IRI's Proprietary Information.

36. Santiago breached, and continues to breach, her Confidentiality Agreement by copying, transferring, possessing and/or using IRI's trade secret information, confidential information and proprietary information.

37. As a direct and proximate result of Santiago's conduct, IRI has suffered, and will continue to suffer, damages, including internal technical review of materials accessed and stolen, attorneys' fees and costs, as well as irreparable injury and loss.

**AS AND FOR A SECOND COUNTERCLAIM**
(Libel Per Se)

38. IRI re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 37 above, as though fully set forth herein.

39. The false, derogatory, and defamatory content of the Santiago's Twitter postings and emails, to which Santiago directed the Interested Persons, injured IRI's business.

40. The defamatory content of the Twitter postings and emails is libel *per se*.

41. As a direct and proximate result of the foregoing, IRI has been damaged.

42. IRI is entitled to judgment against Santiago in an amount to be determined.

## AS AND FOR A THIRD COUNTERCLAIM
(Tortious Interference)

43. IRI re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 42 above, as though fully set forth herein.

44. There existed business relationships and/or expectancy of future business relationships between IRI and many of its customers.

45. Santiago, as former employee, knew of the existence of said business relationships or expectancy of business relationships between IRI and many of its customers.

46. Santiago has undeniably contacted IRI's customers using false information to wrongfully interfere with IRI's business.

47. Santiago intentionally acted, and continues to act, in interfering with and attempt to harm and/or destroy the business relationships or expectancy of business relationships between IRI and many of its customers.

48. As a result of such conduct, IRI has suffered, and will continue to suffer damages including but not limited to loss of business and business opportunity, and damage to its goodwill and reputation.

## DEMAND FOR RELIEF

WHEREFORE, IRI requests that the Court grant the following relief:

A. Judgment on all of IRI's Counterclaims;

B. An accounting of and payment for any compensation, profits, gains or benefits otherwise derived by Santiago for her breaches;

C. Injunctive relief enjoining Santiago from any further breaches of her Confidentiality Agreement;

D. Actual damages;

E. Treble damages;

F. Compensatory and punitive damages;

G. Equitable relief;

H. Attorneys' fees, interest and costs; and

I. Such other relief that the Court may deem appropriate.

## JURY DEMAND

IRI hereby demands a jury trial for all issues so triable.

Dated: New York, New York
March 16, 2022

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
(212) 545-4000

By:   /s/ Ravindra K. Shaw
Ravindra K. Shaw
Catherine R. Tucciarello

*Attorneys for Defendants*