USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/2/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KRYSTAL SANTIAGO, et al.,

                                 Plaintiffs,                       20-CV-07688 (AT)(SN)

              -against-                                       **ORDER**

INFORMATION RESOURCES, INC., et al.,

                                 Defendants.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

       On June 1, 2022, the Court held a conference to discuss the status of this case and whether the claims of either Plaintiff Osorio or pro se Plaintiff Santiago should be severed from the claims of any collective (and/or from each other's claims). Pro se Plaintiff Santiago failed to appear or otherwise participate in the conference.

       Pursuant to Rule 21, "[a]ny claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. "The decision whether to grant a severance motion is committed to the sound discretion of the trial court." New York v. Hendrickson Bros., Inc., 840 F.2d 1065, 1082 (2d Cir. 1988). Severance is a "procedural device to be employed only in exceptional circumstances." Wausau Bus. Ins. Co. v. Turner Constr. Co., No, 99-cv-682 (RWS), 2001 WL 963943, at *1 (S.D.N.Y. Aug. 23, 2001) (quoting Marisol A. v. Guiliani, 929 F. Supp. 662, 693 (S.D.N.Y. 1996)). In determining whether a party's claim should be severed, courts are guided by "considerations of convenience, avoidance of prejudice to the parties, and efficiency." Hecht v. City of New York, 217 F.R.D. 148, 150 (S.D.N.Y. 2003). Relevant factors to consider are "(1) whether the claims arise out of the same transaction or occurrence, (2) whether the claims

present common questions of fact or law, (3) whether severance would serve judicial economy, (4) prejudice to the parties caused by severance, and (5) whether the claims involve different witnesses and evidence." Boston Post Road Med. Imaging, P.C. v. Allstate Ins. Co., No. 03-cv-3923 (RCC) 2004 WL 1586429, at *1 (S.D.N.Y. July 15, 2004) (citing Preferred Med. Imaging, P.C. v. Allstate Ins. Co., 303 F. Supp. 2d 476, 477 (S.D.N.Y. 2004)).

Plaintiff Osorio and Defendants are in accord that severing pro se Plaintiff Santiago's claims from the collective is appropriate. The Court agrees. The June 1, 2022 conference did not mark pro se Plaintiff Santiago's first failure to participate in the case: she did not comply with the Court's April 14, 2022 order to respond to Defendants' motion for leave to file counterclaims against her and their motions for sanctions against her; during a previous Court conference, she was disruptive and ultimately left the telephonic conference before its conclusion; and she has continued to harass, threaten, and disparage the Court, Defendants, their counsel, and Defendants' clients. Her conduct has needlessly complicated the administration of this case, requiring both the Court and Defendants to marshal limited resources to respond. Moreover, Defendants represent that her claims will involve different witnesses and evidence. As a whole, it is clear that severing pro se Plaintiff Santiago's claims from those of Plaintiff Osorio and the collective will serve judicial economy and the parties' interest.

The Clerk of Court is respectfully requested to sever pro se Plaintiff Santiago's individual claims from those of Plaintiff Osorio and the collective and to open a new civil matter with ECF No. 47 (First Amended Complaint) as the governing complaint with regards to pro se Plaintiff Santiago's individual Equal Pay Act and discrimination claims. The new civil matter shall be assigned to Hon. Analisa Torres and designated to Hon. Sarah Netburn. Defendants' motion for leave to file counterclaims, ECF No. 122, is GRANTED. Defendants shall file their counterclaims against pro se Plaintiff Santiago within two weeks of the new civil matter's

opening. For the avoidance of doubt, this new civil matter will relate to pro se Plaintiff Santiago's individual claims *only*. It will not encompass any collective or class claims brought in 20-cv-7688.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated:  June 2, 2022
         New York, New York